**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000775
10-DEC-2012
09:57 AM**

NO. CAAP-11-0000775

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LYNEDON A. VAN NESS,
Claimant-Appellant,
v.
STATE OF HAWAI'I, DEPARTMENT OF EDUCATION,
Employer-Appellee, Self-Insured


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2009-158(M) (7-07-10239))

MEMORANDUM OPINION
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)


Claimant-Appellant Lynedon Van Ness (Van Ness) appeals from the Decision and Order of the Labor and Industrial Relations Appeals Board (LIRAB) filed September 20, 2011, affirming the Disability Compensation Division, Department of Labor and Industrial Relations' (DLIR) denial of Van Ness's workers' compensation claim against Employer-Appellee State of Hawai'i, Department of Education (DOE).

## I.   BACKGROUND

Van Ness was employed by the Department of Education as a technology coordinator at Lahainaluna High School (Lahainaluna), on the island of Maui, from July 2005 until November 2006.  He maintained and repaired all the technology equipment on campus, and he reported he spent the majority of his time outside, walking to various buildings on campus.  Because

the Lahainaluna campus is on the side of a mountain, getting around campus required climbing stairs. Van Ness testified that climbing the stairs from the school's main office up to his office in the library took him about twenty minutes. Many of the buildings were not air-conditioned, and the windows were left open.

Before working at Lahainaluna, Van Ness had a pre-existing asthma condition, which he controlled with medication. In late 2005, however, Maui faced days of unusually severe vog[1] affecting the entire island. Van Ness testified that on the days of high vog, he experienced symptoms such as coughing and wheezing, and his over-the-counter medication no longer worked. Consequently, over the winter break Van Ness saw Russell M. Tom, M.D. (Dr. Tom), who had been treating Van Ness since 1991. Dr. Tom diagnosed Van Ness with chronic bronchitis and made note of the vog in his clinical notes dated December 23, 2005 and January 28, 2006. Van Ness later saw James M. Sweet, M.D. (Dr. Sweet) and David A. Mathison, M.D. (Dr. Mathison) as well, and all three physicians opined that the vog on Maui worsened Van Ness's symptoms. In March 2006, Dr. Tom wrote a letter recommending that Van Ness transfer to Oahu to avoid further exacerbation, and shortly after Van Ness received approval for a hardship transfer to Oahu.

On September 20, 2007, Van Ness filed a claim for workers' compensation benefits, identifying the date of injury as on or about December 23, 2005 and alleging he was exposed to vog while walking around the Lahainaluna campus, exacerbating his asthma and bronchitis. On October 12, 2007, the DOE filed an Employee's Report of Industrial Injury (WC-1) denying liability for the claim. At the DOE's request, Ajit S. Arora, M.D. (Dr. Arora) conducted an independent medical evaluation (IME) of Van Ness on February 5, 2008. Dr. Arora prepared a post-IME report,

---

[1] Vog is defined as air pollution caused by volcanic emissions. Merriam-Webster, http://www.merriam-webster.com/dictionary/vog (last visited October 16, 2012).

as well as a supplemental report prepared after reviewing additional records from the various physicians who had treated Van Ness. On April 21, 2008, the DLIR issued a decision denying Van Ness's claim for compensation, and Van Ness filed an appeal of the DLIR's decision.

The LIRAB conducted a hearing on April 6, 2010, and on September 20, 2011 entered its Decision and Order affirming the DLIR's denial of Van Ness's workers' compensation claims. At the hearing before the LIRAB, the parties entered into evidence the reports from Dr. Arora and records from Drs. Tom, Sweet, and Mathison. Van Ness filed a timely notice of appeal to this court on October 24, 2011.

On appeal, Van Ness contends the LIRAB erred in denying his workers' compensation claim against the DOE. Specifically, Van Ness challenges the following Finding of Fact (FOF):

> 9. The Board finds that Claimant's work or work environment posed no greater vog exposure than that posed to the general public. The hazard from vog exposure Claimant faced while on the campus of Lahainaluna School was no greater hazard or risk than that faced by others off of the campus of Lahainaluna School.

Van Ness did not raise FOF 10 as a point of error but challenged it in the arguments section of his brief. Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4)(C) states "when the point [on appeal] involves a finding or conclusion of the court or agency, [the points of error shall include] either a quotation of the finding or conclusion urged as error or reference to appended findings and conclusions[.]" "[I]t is well settled that failure to comply with HRAP Rule 28(b)(4) is alone sufficient to affirm[.]" Morgan v. Planning Dept. Cnty. of Kauai, 104 Hawai'i 173, 180, 86 P.3d 982, 989 (2004). Nonetheless, noncompliance does not always result in dismissal, and "[t]his is particularly so where the remaining sections of the brief provide the necessary information to identify the

party's argument." <u>Marvin v. Pflueger</u>, 127 Hawai'i 490, 496, 280 P.3d 88, 94 (2012).

Therefore, we review for clear error FOF 10, which states:

> 10. The Board has applied the presumption of compensability and finds that Employer has presented substantial evidence to overcome said presumption.

Van Ness also challenges the following language from the LIRAB's Conclusion of Law:

> Claimant argues that his asthma was a compensable disease caused by conditions peculiar to his particular employment with Lahainaluna School and was in excess of ordinary hazards or risks faced by the general public. Claimant also argues that although others in the community were required to breathe the same air, they may not have been required to do work that was comparably strenuous to the work required of him. The Board is not persuaded by and does not adopt Claimant's argument.

> The Board further concludes that exposure to vog was not accentuated or made worse by the nature and conditions of Claimant's employment.

> Claimant was a technology coordinator. His risk of exposure to vog was walking outdoors and being in some buildings that were not air-conditioned. These exposures are no greater than that of the general public. The nature and conditions of his employment did not accentuate the exposure. Rather, the vog was in the air, and the general public breathed the same air.

> Claimant further argues that, but for work, he would otherwise have been in a filtered environment at his home. However, the Board is not persuaded by and does not accept this argument, since the relevant comparison is made to the general public's exposure, not Claimant's alleged comparatively hermetic and sterile home environment.

## II. STANDARDS OF REVIEW

> "Review of a decision made by a court upon its review of an administrative decision is a secondary appeal. The standard of review is one in which [the appellate] court must determine whether the court under review was right or wrong in its decision." *Lanai Co. v. Land Use Comm'n*, 105 Hawai'i 296, 306-07, 97 P.3d 372, 382-83 (2004) (*quoting Soderlund v. Admin. Dir. of the Courts*, 96 Hawai'i 114, 118, 26 P.3d 1214, 1218 (2001)) (internal quotation marks and citation omitted).

> Appellate review of the LIRAB's decision is governed by HRS § 91-14(g) (1993), which provides that:

> Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1) In violation of constitutional or statutory provisions; or
>
> (2) In excess of the statutory authority or jurisdiction of the agency; or
>
> (3) Made upon unlawful procedure; or
>
> (4) Affected by other error of law; or
>
> (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

"Under HRS § 91-14(g), [conclusions] are reviewable under subsections (1), (2), and (4); questions regarding procedural defects are reviewable under subsection (3); [findings] are reviewable under subsection (5); and an agency's exercise of discretion is reviewable under subsection (6)." *Potter v. Hawaiʻi Newspaper Agency*, 89 Hawaiʻi 411, 422, 974 P.2d 51, 62 (1999) (internal quotation marks and citations omitted).

"'[T]he courts may freely review an agency's conclusions of law.'" *Lanai Co.*, 105 Hawaiʻi at 307, 97 P.3d at 383 (quoting *Dole Hawaii Div.-Castle & Cooke, Inc. v. Ramil*, 71 Haw. 419, 424, 794 P.2d 1115, 1118 (1990)). The LIRAB's conclusions will be reviewed de novo, under the right/wrong standard. *Tate v. GTE Hawaiian Tel. Co.*, 77 Hawaiʻi 100, 103, 881 P.2d 1246, 1249 (1994) (citing *State v. Furutani*, 76 Hawaiʻi 172, 180, 873 P.2d 51, 59 (1994)).

"An agency's findings are reviewable under the clearly erroneous standard to determine if the agency decision was clearly erroneous in view of reliable, probative, and substantial evidence on the whole record." *Poe v. Hawaiʻi Labor Relations Bd.*, 87 Hawaiʻi 191, 195, 953 P.2d 569, 573 (1998) (citing *Alvarez v. Liberty House, Inc.*, 85 Hawaiʻi 275, 277, 942 P.2d 539, 541 (1997); HRS § 91-14(g)(5)). "'An agency's findings are not clearly erroneous and will be upheld if supported by reliable, probative and substantial evidence unless the reviewing court is left with a firm and definite conviction that a mistake has been made.'" *Poe v. Hawaiʻi Labor Relations Bd.*, 105 Hawaiʻi 97, 100, 94 P.3d 652, 655 (2004) (quoting *Kilauea Neighborhood Ass'n v. Land Use Comm'n*, 7 Haw. App. 227, 229-30, 751 P.2d 1031, 1034 (1988)).

Tauese v. State of Hawai'i, Dep't of Labor & Indus. Relations, 113 Hawai'i 1, 25, 147 P.3d 785, 809 (2006).

## III. DISCUSSION

Hawai'i Revised Statutes (HRS) § 386-3(a) (Supp. 2011) pertains to workers' compensation coverage and states: "If an employee suffers personal injury either by accident arising out of and in the course of the employment or *by disease proximately caused by or resulting from the nature of the employment*[.]" (Emphasis added.)  In Flor v. Holguin, 94 Hawai'i 70, 80, 9 P.3d 382, 392 (2000), *recon. in part*, 94 Hawai'i 92, 9 P.3d 404 (2000), the Hawai'i Supreme Court interpreted HRS § 386-3 as providing coverage for injuries caused by an "occupational disease."  The supreme court held that an injury-by-disease is compensable under HRS § 386-3 when the disease "(1) is caused by conditions that are characteristic of or peculiar to the particular trade, occupation, or employment, (2) results from the employee's actual exposure to such working conditions, and (3) is due to causes in excess of the ordinary hazards of employment in general[.]"  Id. at 81, 9 P.3d at 393 (internal citations omitted).  Pursuant to HRS § 386-85 (1993),[2] the burden is on the employer to demonstrate by substantial evidence that these conditions are not present.  Id. at 79, 9 P.3d at 391.

In this case, Van Ness claims the exacerbation of his asthma resulted from work-related vog exposure.  It is undisputed that Van Ness faced actual exposure to vog in his employment,

---

[2]  HRS § 386-85 states:

**§386-85 Presumptions.**  In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary:

(1)  That the claim is for a covered work injury;

(2)  That sufficient notice of such injury has been  given;

(3)  That the injury was not caused by the intoxication of the injured employee; and

(4)  That the injury was not caused by the wilful intention of the injured employee to injure oneself or another.

satisfying the second condition of the Flor test. However, "an ailment does not become an occupational disease simply because it is contracted on the employer's premises[.]" Id. at 80, 9 P.3d at 392 (internal quotation marks omitted). We conclude Van Ness's condition does not fall within the definition of a compensable occupational disease because the DOE produced substantial evidence that the first and third conditions of Flor were not met.

The cases cited in Flor provide further clarification of the definition of an occupational disease, establishing that an occupational disease requires "a recognizable link between the disease and some distinctive feature of the claimant's job, common to all jobs of that sort." Id. at 80, 9 P.3d at 392. An occupational disease cannot be "an ordinary disease of life to which general public was equally exposed outside of that employment," and the disease must "have incidence substantially higher in that occupation than in usual occupations or, in case of ordinary disease of life, in general population." Id. at 81, 9 P.3d at 393 (citing Booker v. Duke Med. Ctr., 297 N.C. 458, 475, 256 S.E.2d 189, 196 (1979), Wood v. Harry Harmon Insulation, 511 So.2d 690 (Fla. Dist. Ct. App. 1987)). In other words, the Flor test requires that "the employer's working conditions produced the ailment as a natural incident of the employee's occupation in such a manner as to attach a hazard distinct from and greater than the hazard attending employment in general." Id. at 80-81, 9 P.3d at 392-93.

Van Ness's occupation was as a technology coordinator, and his primary duties were maintaining and repairing technology equipment. This work, in and of itself, could not have exacerbated his asthma and Van Ness does not contend that it does. Thus, his disease was produced not by "natural incident" or "distinctive feature of the claimant's job, common to all jobs of that sort," Id. at 80, 9 P.3d at 392, but rather by his exposure to vog. Vog exposure itself cannot be considered a condition characteristic of or peculiar to Van Ness's employment,

however, because it is undisputed that vog affected the entire island of Maui at the time. As the LIRAB noted in its COL, "the vog was in the air, and the general public breathed the same air."

Van Ness contends his work environment and duties made his employment unique and created a higher hazard of vog exposure. The LIRAB specifically addressed this claim in FOF 9, in which it found "[Van Ness's] work or work environment posed no greater vog exposure than that posed to the general public. The hazard from vog [Van Ness] faced while on the campus of Lahainaluna School was no greater hazard or risk than that faced by others off of the campus[.]" We conclude the record contains substantial evidence supporting the LIRAB's finding and rebutting the presumption that Van Ness's injury was work-related.

The record contains medical reports from several physicians. The reports all concluded the Maui vog exacerbated Van Ness's asthma, but nothing in those reports noted any relationship between the exacerbation and Van Ness's employment. One of Van Ness's treating physicians recommended that Van Ness transfer to Oahu to alleviate his condition, not that he transfer to another position or another school on Maui. This recommendation indicates Van Ness's condition was not peculiar to his employment at Lahainaluna but was instead due to his presence on Maui, and in fact his condition improved upon moving to Oahu in November 2006. Lahainaluna's vice principal also stated that she and other employees on campus had experienced ill effects from vog, and she observed that vog pollution was heavier in other parts of the island. Thus, the evidence indicates Van Ness faced a risk no different and no greater than that faced by any member of the general public or in another field of work who spent time outdoors.

Furthermore, as part of the IME Dr. Arora interviewed Van Ness about his work duties and history, and he noted Van Ness spent about 90% of his time outdoors or in open environments and climbed extensive stairs. However, after reviewing Van Ness's

medical records, Dr. Arora submitted a supplemental report in which he specifically concluded Van Ness's exacerbated asthma had "no relationship to his employment with the [DOE]." Van Ness correctly asserts that there is a distinction between the medical and legal standards of causation because "[i]n general, existing law treats the slightest factor of aggravation as an adequate 'cause.'" Akamine v. Hawaiian Packing & Crating Co., 53 Haw. 406, 410, 495 P.2d 1164, 1167 (1972). Nevertheless, we conclude that Dr. Arora's report, considered together with the other evidence in the record, constituted "relevant and credible evidence of a quality and quantity sufficient to justify a conclusion by a reasonable man that an injury or death is not work connected." Igawa v. Koa House Restaurant, 97 Hawai'i 402, 407, 38 P.3d 570, 575 (2001) (internal quotation marks omitted).

In preparing his supplemental report, Dr. Arora examined and summarized extensive medical records dating back from 1994. The records indicate Van Ness had a complex medical history and numerous health issues, and Dr. Arora identified a diaphragmatic hernia as a possible cause or contributing factor of Van Ness's exacerbated asthma. The hernia first manifested in October 2004 and became progressively worse, requiring a complicated surgery in May 2006, and Dr. Arora noted that Van Ness's asthma may have been exacerbated by abdominal contents pushing into his chest cavity. Dr. Arora's reports were sufficiently specific and credible to constitute substantial evidence, and given the complexity of Van Ness's medical history, it was reasonable for the LIRAB to conclude Van Ness's condition was unrelated to his work.

Other than Van Ness's own testimony about his work environment and his duties, there is no other evidence in the record suggesting that vog exposure was a hazard peculiar to his employment or in excess of the hazards of employment in general. Considering the substantial evidence previously discussed and in light of the deference due to the LIRAB's role in assessing the credibility and weight of the evidence, Nakamura v. State, 98

9

Hawai'i 263, 270, 47 P.3d 730, 737 (2002), we conclude the LIRAB's decision was not clearly erroneous. Poe v. Hawai'i Labor Relations Bd., 87 Hawai'i 191, 195, 953 P.2d 569, 573 (1998) (mixed questions of fact and law reviewed under clearly erroneous standard).

## IV.  CONCLUSION

The September 20, 2011 Decision and Order of the Labor and Industrial Relations Appeals Board is affirmed.

DATED:  Honolulu, Hawai'i, December 10, 2012.

Wayne H. Mukaida
for Claimant-Appellant.

Steve K. Miyasaka
Deputy Attorney General
(James E. Halvorson, Deputy
Attorney General, with him on
the brief)
for Employer-Appellee,
Self-Insured.

Presiding Judge

Associate Judge

Associate Judge